Obot v. Navient Solutions, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand eighteen.

PRESENT:
JOHN M. WALKER, Jr.,
PETER W. HALL,
RAYMOND J. LOHIER, Jr.,
        *Circuit Judges.*

───────────────────────────────────────────────

Otu A. Obot,

        *Plaintiff-Appellant*,

        v.                                                No. 17-407-cv

Navient Solutions, Inc.,

        *Defendant-Appellee*.

───────────────────────────────────────────────

FOR PLAINTIFF-APPELLANT:          Otu A. Obot, pro se, Amherst, NY.

FOR DEFENDANT-APPELLEE:          Michael Del Valle, Sessions, Fishman, Nathan & Israel L.L.C., Williamsville, NY, Brian D. Roth, Sessions, Fishman, Nathan & Israel L.L.C., Metairie, LA.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Otu A. Obot, proceeding *pro se*, appeals from a judgment dismissing his complaint for improper service of process. Obot repeatedly attempted service of process on Navient Solutions, LLC f/k/a Navient Solutions, Inc. ("NSL") by certified mail to a P.O. Box in Pennsylvania. He also attempted service of process on NSL by certified mail to NSL's attorney. NSL moved to dismiss for improper service. Obot then filed a Freedom of Information Act ("FOIA") request in district court, which the district court denied. The district court dismissed Obot's complaint, and this appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for an abuse of discretion a dismissal for improper service under Federal Rule of Civil Procedure 12(b)(5). *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Id.* at 752 (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). A district court abuses its discretion when "(1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (internal footnotes omitted).

NSL is a corporate entity.[1] Accordingly, Obot was required to effect service either (1) in the manner required under New York or Pennsylvania law or (2) by delivering a copy of the

---

[1] Obot's contention that NSL improperly changed its name from the U.S. Department of Education

2

summons and complaint to certain corporate officers or an agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(1), (h)(1)(A)–(B). Obot does not contend that he personally served any entity, as required under Federal Rule of Civil Procedure 4(h)(1)(B), which leaves only service by mail under New York and Pennsylvania law.

Under New York law, Obot was required to send "by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. § 312-a(a). Nowhere did Obot even assert that he complied with these requirements, and he specifically averred that he effected service through certified mail, rather than first-class mail. Accordingly, regardless of the entity on which he attempted service, service was ineffective under New York law.

Under Pennsylvania law, service by mail is authorized when the service is effected "outside the Commonwealth." Pa. R. Civ. P. 404. As noted, however, Obot's attempted service on NSL was to a P.O. Box in Pennsylvania, i.e., within the Commonwealth. Service by mail was therefore not permitted, and was ineffective under Pennsylvania law.

Obot's remaining arguments fare no better. He has not demonstrated that NSL's attorney was an agent authorized by NSL to receive service of process on its behalf. NSL's motion to dismiss was timely filed within the period directed by the district court. NSL's belated filing of its corporate disclosure statement is immaterial to whether NSL was properly served. And NSL is not a Government agency and was thus not required to respond to Obot's FOIA request.

---

c/o Navient, and should therefore have been subject to service as a Government agency under Federal Rule of Civil Procedure 4(i), is frivolous.

Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4